UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY WILLIAMS,

    Plaintiff,

 v.                                       Case No. 19-cv-80-pp

MILWAUKEE BOARD OF SCHOOL DIRECTORS,

    Defendant.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 117), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL (DKT. NO. 118) AND DENYING PLAINTIFF'S MOTION TO FILE ELECTRONICALLY (DKT. NO. 119)**

On March 31, 2025, the court issued an order granting summary judgment for the defendant and dismissing this case with prejudice. Dkt. No. 108. The plaintiff now has filed a notice of appeal and asked this court for leave to appeal without prepaying the filing fee, dkt. no. 117, for an extension of time to file her appeal, dkt. no. 118, and to file documents electronically, dkt. no. 119. The defendant opposes the plaintiff's motion for extension of time to appeal. Dkt. No. 123.

The court will deny without prejudice the plaintiff's motion for leave to appeal without prepaying the filing fee, deny the motion for an extension of time to appeal and deny the motion to file electronically.

1

I.  **Motion for Leave to Appeal Without Prepaying the Filing Fee (Dkt. No. 117)**

The Federal Rules of Appellate Procedure allow a party who wants to appeal a district court ruling without prepaying the appellate filing fee to file a motion with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). A party's affidavit must "include[ ] a statement of all assets [the movant] possesses and that [the movant] is unable to pay such fees." Sandgren v. McDonough, Case No. 23-CV-923, 2023 WL 8376286, at *1 (E.D. Wis. Nov. 8, 2023).

The plaintiff's affidavit in support of her motion is confusing. She states that she has no monthly income, but states that her spouse makes $4,000, $4,200 or $4,700 per month. Dkt. No. 117 at 2–3. She states that her spouse has $100 in a checking account. Id. at 3. She states that she and her spouse own a home worth $160,000, two vehicles worth $4,000 and $3,000 and that she has "other assets" of $3,000. Id. at 3–4. She identifies her spouse's total monthly expenses as $2,100, but the itemized expenses she lists total $3,700. Id. at 4–5. The form asks if she expects any major changes to her monthly income or expenses in the next twelve months; she stated yes, but did not elaborate. Id. at 6. The plaintiff states that she is awaiting a decision on a pending Social Security disability appeal and that she has recently applied for "regular" Social Security after turning sixty-two in February. Id. at 6.

The plaintiff's affidavit reflects that she may have as little as $300 or as much as $2,600 in disposable income after she pays her expenses each month. Because of the inconsistencies in the affidavit, the court cannot adequately determine whether the plaintiff can prepay the filing fee and so will deny the motion without prejudice. Within thirty days of the date of this order, the plaintiff either must pay the full $605 appellate filing fee or file an amended motion for leave to proceed without prepaying the filing fee.

**II. Motion for Extension of Time to Appeal (Dkt. No. 118)**

    A.    <u>Parties' Arguments</u>

The plaintiff requests an extension of time to appeal for two reasons. Dkt. No. 118 at 1. First, she asserts that "the decision was made by [her] legal Counsel to withdraw" after the court issued its decision granting summary judgment, so she is now proceeding without representation. <u>Id.</u> Second, the plaintiff states that she was sick during the remaining time to file a notice of appeal after her counsel withdrew. <u>Id.</u>

The defendant opposes the motion, arguing that the plaintiff has not established excusable neglect or good cause for the extension. Dkt. No. 123 at 2. The defendant argues that the excusable neglect standard applies where the delay in filing the notice of appeal was due to something within the appellant's control, while the good cause standard applies in situations where the delay is due to something outside of the appellant's control. <u>Id.</u> at 3 (quoting 2002 advisory committee notes to Fed. R. App. P. 4(a)(5)(A)). The defendant argues that contrary the plaintiff's account, she still was represented by counsel on

3

April 30, 2025, when the time to appeal the court's decision expired. Id. The defendant argues that counsel did not seek leave to withdraw until after the deadline had expired. Id. (citing Dkt. Nos. 112, 113). Accordingly, the defendant asserts that any illness the plaintiff suffered after counsel withdrew must have been after the time to appeal had already expired, so there is no basis for the court to apply the good cause standard. Id.

The defendant argues that the court should apply the excusable neglect standard to the plaintiff's motion. Id. at 3–4. The defendant contends that while the court also should consider the prejudice to the non-moving party and the length of the delay, the court should place the most emphasis on the reason for the delay. Id. at 4 (citing Satkar Hosp., Inc. v. Fox Television Holdings, 767 F.3d 701, 707 (7th Cir. 2014)). Because the plaintiff's counsel withdrew after the deadline to appeal expired, the defendant argues that the plaintiff has not shown that her self-represented status resulted in a genuine ambiguity or confusion about the time to appeal. Id. The defendant asserts that plaintiff's counsel contacted the defendant on April 16, 2025, asking whether the defendant would waive any taxation of costs if the plaintiff decided not to appeal, only to rescind that offer five days later. Id. at 5. The defendant argues that even if the plaintiff were self-represented during the thirty-day period to file a notice of appeal, the Seventh Circuit does not find that a sufficient reason, standing alone, to establish excusable neglect. Id. (citing Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago, 926 F.3d 427, 432 (7th Cir. 2019); Robinson v. Sweeny, 794 F.3d 782, 784 (7th Cir. 2015)).

4

The defendant also argues that the plaintiff's purported illness cannot establish excusable neglect or good cause. Id. at 5, 6–7. First, the defendant asserts that if the plaintiff was sick after counsel withdrew, that does not establish excusable neglect because counsel withdrew after the time to appeal had passed. Id. at 5, 6–7. Second, the defendant argues that the plaintiff's activity on Facebook shows that her illness was not debilitating. Id. It argues that between April 1, 2025 and May 13, 2025, the plaintiff posted 507 times, expressing her dissatisfaction with the court's decision and her intent to appeal. Id. at 5–6.

The plaintiff replies that she has established good cause for the court to grant her an extension of time to appeal. Dkt. No. 125. She states that she discussed an appeal or motion for reconsideration with her counsel for "a period of time" after the court issued its decision. Id. at 1. The plaintiff states that after she requested to proceed with an appeal or reconsideration motion on contingency, counsel "made the decision to withdraw on May 1st, 2025." Id. She says that she mistakenly believed that she had forty-five days to appeal (which she asserts is the time to appeal a judgment in Wisconsin state court) based on her experience with state court proceedings and possible miscommunication from her counsel. Id. at 2. The plaintiff argues that counsel's "indecisiveness" on whether to pursue a reconsideration motion or appeal also establishes good cause. Id. at 3. She argues that it is not necessary for her to provide documentation of her illness because the defendant already knows that she experiences periodic flare-ups of numerous medical conditions.

5

Id. at 3–4. She argues that her social media activity is irrelevant to this motion because she has a right to speak freely on the internet about "what she considers to be injustice" that she experienced before and during this case. Id. at 5.

B. Analysis

The plaintiff needed to file her notice of appeal within thirty days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(A). The court may extend that deadline if a party requests an extension no later than thirty days after deadline to appeal and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. Fed. R. App. P. 4(a)(5)(A). The court entered judgment on March 31, 2025, so the plaintiff had until April 30, 2025 to file her notice of appeal. The plaintiff then had thirty days from that date—until May 30, 2025—to request an extension of time to appeal. The court received the plaintiff's extension request on May 14, so it is timely.

The court next must determine whether the plaintiff has shown either good cause or excusable neglect. When deciding which standard applies, the Seventh Circuit has stated that

> [t]he relevant question is one of fault, as "[t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for extension is usually occasioned by something within the control of the movant." [quoting 2002 advisory committee notes to Fed. R. App. P. 4(a)(5)(A)]. On the other hand, the good cause standard "applies in situations in which there is no fault—excusable or otherwise." Id.

Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012). The plaintiff raises three possible reasons for her delay in filing a notice of appeal: counsel's withdrawal,

6

confusion over the deadline and her own illness. Courts considering whether counsel's withdrawal justifies an extension of time to appeal have applied the excusable neglect standard. See, *e.g.*, Burt v. Nat'l Republican Club of Capitol Hill, 828 F. Supp. 2d 115, 128–30 (D.D.C. 2011), aff'd, 509 F. App'x 1 (D.C. Cir. 2013). Confusion over the applicable deadline is within the plaintiff's control, so the excusable neglect standard applies there as well. The plaintiff's illness was outside of her control, so the good cause standard would apply in that instance.

The plaintiff says that her counsel withdrew after the court entered judgment and that after counsel withdrew, she was ill during the remaining balance of the time to file a notice of appeal. But in her reply brief, the plaintiff states that "Plaintiff's legal Counsel made the decision to withdraw on May 1st, 2025." Dkt. No. 125 at 1. Counsel's motion to withdraw—filed on May 1, 2025—states that the plaintiff "terminated the attorney client relationship." Dkt. No. 112 at ¶3. Either way, May 1, 2025 was one day after the deadline to file a notice of appeal already had passed. Although some courts have found that an attorney's withdrawal constitutes excusable neglect warranting an extension of time, in those cases, counsel withdrew during the thirty-day period of time to file an appeal. See Burt, 828 F. Supp. 2d at 128–30 (counsel "abruptly" withdrew during the pendency of the Rule 4 filing period); Forrest v. Corr. Corp. of Am., Case No. 05-cv-1797, 2008 WL 821733, at *3 (S.D. Ind. Mar. 26, 2008) (counsel withdrew one day after entry of judgment); Griffin v. George B. Buck Consulting Actuaries, Inc., 573 F. Supp. 1134, 1136 (S.D.N.Y.

7

1983) (counsel withdrew following entry of judgment). By the plaintiff's own concession, she was represented by counsel for the entire thirty-day period to file a notice of appeal, so counsel's subsequent withdrawal cannot establish excusable neglect.

The plaintiff also argues that she mistakenly believed she had forty-five days to file an appeal. But the plaintiff was represented by counsel during the relevant period, so *her* confusion about the time to file her appeal is irrelevant. While she posits that there may have been a "miscommunication" between her counsel and herself about the deadline, "[g]enerally, a simple miscalculation of time is not a sufficient reason to extend the time allowed to file a notice of appeal." Sherman, 668 F.3d at 426. The plaintiff has not established excusable neglect based on her confusion about the deadline to file a notice of appeal.

The plaintiff also argues that she was "sick during the span of time to file [a] Notice of Appeal after the withdrawal of legal Counsel." Dkt. No. 118 at 1. But again, by the plaintiff's own admission, counsel withdrew *after* the time to appeal had expired. The plaintiff's subsequent illness cannot constitute good cause for her counsel's failure to timely file a notice of appeal.

Because none of the plaintiff's stated reasons establish good cause or excusable neglect, the court will deny the plaintiff's motion for an extension of time to appeal.

### III. Motion to File Electronically (Dkt. No. 119)

The plaintiff also filed a motion requesting "permission to be a part of the ECF filing system" to review the record of this case and to electronically file

8

documents and briefs. Dkt. No. 119. General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of this court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. Electronic Case Filing Policies and Procedures Manual (available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures). This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. The plaintiff's motion identified no extraordinary circumstances. Further, on May 15, 2025, the Clerk of Court sent the plaintiff a letter enclosing the docket sheet for this case, allowing the plaintiff to review the record. Dkt. No. 121. The court will deny the plaintiff's motion for leave to file electronically.

If the plaintiff wishes to file documents electronically with the *appellate* court, she must file a motion in her Seventh Circuit case requesting ECF filing privileges. See Electronic Case Filing User Manual (7th Cir.), available at https://www.ca7.uscourts.gov/pages/LandingPage.php?page=representing-yourself. This court cannot grant or deny the plaintiff privileges to file documents electronically with the Seventh Circuit or any other court.

### IV. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 117.

The court **ORDERS** that by the end of the day on **July 21, 2025**, the plaintiff must either file an amended motion for leave to proceed without

9

prepaying the appellate filing fee or pay the $605 appellate filing fee. The plaintiff must either file the amended motion or pay the $605 filing fee in time for the court to *receive* it by day's end on July 21, 2025. If the court does not receive the filing fee or an amended motion by the above deadline, the Seventh Circuit Court of Appeals may dismiss the plaintiff's appeal.

The court **DENIES** the plaintiff's motion for an extension of time to file an appeal. Dkt. No. 118.

The court **DENIES** the plaintiff's motion for leave to file electronically in this case. Dkt. No. 119.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**