UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY WILLIAMS,

        Plaintiff,

    v.                                              Case No. 19-cv-80-pp

MILWAUKEE BOARD OF SCHOOL DIRECTORS,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 128) AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE (DKT. NO. 130)**

Before the court is the plaintiff's amended motion for an extension of time to appeal and to file electronically. Dkt. No. 128. In lieu of filing a response, the defendant filed a motion to strike the plaintiff's amended motion. Dkt. No. 130. Because the court did not grant the plaintiff leave to amend or renew her motion for an extension of time to appeal or her motion to file electronically, the court will deny the motion. Accordingly, the court will also deny as moot the defendant's motion to strike.

**I.    Background**

The court granted summary judgment for the defendant on March 31, 2025 and dismissed this case. Dkt. No. 108. Forty-four days later—on May 14, 2025—the court received from the plaintiff a notice of appeal. Dkt. No. 115. That same day, the court received from the plaintiff a motion for leave to appeal without prepaying the filing fee, dkt. no. 117, a "motion for extension of time

1

for appeal," dkt. no. 118, and a motion for leave to file electronically, dkt. no. 119. The defendant opposed the plaintiff's motion for an extension of time to appeal. Dkt. No. 123. On May 28, 2025, the court received from the plaintiff a reply brief in support of her motion for an extension of time to appeal. Dkt. No. 125.

On June 23, 2025, the court issued an order denying without prejudice the plaintiff's motion for leave to appeal without prepaying the filing fee. Dkt. No. 127 at 2–3. The court denied the plaintiff's request because the plaintiff's affidavit did not contain enough information for the court to determine whether the plaintiff could afford to pay the filing fee. Id. The court stated that by the end of the day on July 21, 2025, the plaintiff either must pay the full $605 appellate filing fee or file an amended motion for leave to proceed without prepaying the filing fee. Id. at 9-10. In that same order, the court denied the plaintiff's motion for an extension of time to appeal and denied her motion for leave to file electronically. Id. at 8–9. The court determined that the plaintiff had not established good cause or excusable neglect for her failure to timely file her notice of appeal. Id. at 8. The court found that the plaintiff had not demonstrated extraordinary circumstances justifying her request to file electronically. Id. at 9. The court did not grant the plaintiff leave to amend or refile her motion for an extension of time or her motion for leave to file electronically. See id. at 9–10. The court granted the plaintiff leave only to amend her motion to proceed without prepaying the filing fee. Id.

On July 18, 2025, the court received from the plaintiff the full appellate filing fee. That same day, the court received from the plaintiff a document titled "Amendments for Extension of Time to File Appeal and Motion to File Electronically." Dkt. No. 128. In that document, the plaintiff states that she "is amending a request for an Extension of Time to File Appeal and Motion to file electronically dated May 14th, 2025." Id. at 1. She claims that "[o]n June 23rd, 2025 the Eastern District Court denied plaintiff's motions for an extension to file an appeal and the ability to file electronically without prejudice." Id. The plaintiff presents new arguments about her medical conditions, which she contends are extraordinary circumstances justifying electronic filing privileges. Id. at 1–2. The plaintiff also asserts new facts related to her motion for an extension of time to appeal. Id. at 2–4.

Instead of responding to the plaintiff's motion, the defendant filed an expedited, non-dispositive motion under Civil Local Rule 7(h) (E.D. Wis.) to strike the plaintiff's amendments. Dkt. No. 130. The defendant asserts that the court did not give the plaintiff leave to amend her motion for an extension of time and argues that the court should strike the motion to amend. Id. at ¶5. The defendant argues in the alternative that if the court were to construe the motion as a motion for reconsideration, such a motion is improper. Id. at ¶¶6–7. The plaintiff has not responded to the defendant's motion to strike.

**II. Analysis**

In the plaintiff's reply brief supporting her original motion for an extension of time to appeal, she stated that she discussed an appeal or motion

3

for reconsideration with her counsel for "a period of time" after the court issued its decision. Dkt. No. 125 at 1. She stated that after she had asked to proceed with an appeal or reconsideration motion on contingency, counsel "made the decision to withdraw on May 1st, 2025." Id. She said that she mistakenly believed that she had forty-five days to appeal based on her experience with state court proceedings and due to "possible miscommunication" from her counsel. Id. at 2.

The plaintiff's counsel filed a motion to withdraw on May 1, 2025, stating that the plaintiff had "terminated the attorney client relationship." Dkt. No. 112 at ¶3. May 1, 2025 was one day *after* the deadline to file a notice of appeal in this case had passed. Based on the plaintiff's representations in her brief and her counsel's filing, the court determined that the plaintiff "was represented by counsel for the entire thirty-day period to file a notice of appeal, so counsel's subsequent withdrawal cannot establish excusable neglect." Dkt. No. 127 at 8.

Now, the plaintiff asserts that her attorney ended his representation of her on April 18, 2025 and that she has established excusable neglect due to counsel's withdrawal. Dkt. No. 128 at 2–3. The plaintiff attaches a letter dated April 18, 2025 from her former counsel, stating that he has "not agreed to represent [her] further in this matter." Dkt. No. 128-1 at 1. But by the plaintiff's own assertion, she continued communicating with her attorney about an appeal for several weeks afterwards, apparently trying to convince him to continue the representation. Dkt. No. 128 at 2–3. ("Plaintiff continued communicating with her former legal counsel trying to persuade him to go

4

further with this case with reconsideration or an appeal until May 12, 2025 through emails and text messages."). The purported termination letter also states that the plaintiff's former counsel "discussed [plaintiff's] appeal rights" which counsel stated that plaintiff was "familiar with." Dkt. No. 128-1 at 1.

The plaintiff does not explain why she did not provide this letter from counsel with her original motion. Nor does the plaintiff explain why she originally asserted that counsel's representation ended on May 1, when she now contends the representation ended on April 18—yet she also kept trying to convince counsel to continue the representation as late as May 12. If the plaintiff was "familiar with" her appeal rights, as counsel stated in his April 18, 2025 letter, she has provided no reason why she did not timely file her notice of appeal herself, to preserve those rights.

But these facts ultimately are irrelevant, because the court's order denying the plaintiff's motion for an extension of time to appeal was a final decision. Contrary to the plaintiff's statements, the court did not deny the motion for an extension of time to appeal "without prejudice." The court simply denied the motion. The court did not grant the plaintiff leave to amend her motion for extension of time or leave to file a new motion for extension of time. The court granted the plaintiff leave only to amend her motion to appeal without prepaying the filing fee. The plaintiff's statements in her motion to amend are incorrect. The court's decision on the plaintiff's motion for extension of time and motion to file electronically were—and are—final.

5

Even if the court had granted the plaintiff leave to amend or renew her original motion for extension of time (which it didn't), the motion is untimely. As the court stated in its prior order, the plaintiff needed to file her notice of appeal within thirty days of the entry of judgment. Federal Rule of Appellate Procedure 4(a)(1)(A). The court may grant an extension if a party requests an extension *no later than thirty days after deadline to appeal* and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. Fed. R. App. P. 4(a)(5)(A). To the extent that the plaintiff's motion is a *new* motion for an extension of time to appeal rather than an amended motion (if such a "new" motion were permitted after the first is denied), it is untimely because it was filed more than thirty days after the deadline to appeal. The court cannot grant a motion requesting an extension of time to appeal that was filed more than thirty days after the deadline to appeal. See Harvey v. Gramley, 37 F.3d 1501 (7th Cir. 1994) ("If the motion [for extension of time to appeal] is not timely made, the district court is not authorized to grant an extension of the appeal period.").

The court will not construe the plaintiff's motion as a motion for reconsideration. The plaintiff knows what a motion for reconsideration is; she states that she was discussing such a motion with her counsel. The plaintiff has not asserted that this is a motion for reconsideration. Nor did she respond to the defendant's arguments that if it *were* a motion for reconsideration, the court should deny it. The court is not required to construct arguments for self-represented litigants. See Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994)

("the district court is not required to bring issues not raised to the attention of the pro se litigant or to decide them.").

The court will deny the plaintiff's motion to "amend" her motions for extension of time to appeal and to file electronically because the court did not give the plaintiff permission to amend or refile these motions. Because the court is denying the plaintiff's motion to amend, the court will deny as moot the defendant's motion to strike.

## III. Conclusion

The court **DENIES** the plaintiff's motion to amend her motion for extension of time and motion to file electronically. Dkt. No. 128.

The court **DENIES AS MOOT** the defendant's motion to strike. Dkt. No. 130.

Dated in Milwaukee, Wisconsin this 28th day of August, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**