UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEVERLY WILLIAMS,

        Plaintiff,

                                    Case No. 19-cv-80-pp

    v.

MILWAUKEE BOARD OF SCHOOL DIRECTORS,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (DKT. NO. 133) AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND DEFAULT JUDGMENT (DKT. NO. 135)**

Before the court are two motions: the plaintiff's "request for change of judgment in accordance to FRCP 59 due to manifest error, new evidence and to prevent manifest injustice," dkt. no. 133, and the plaintiff's "request for motion of sanctions and default judgment against defendants for violating FRCP 4 and FRCP 37(b)(2)," dkt. no. 135. The court will deny both motions.

I.    **Background**

On March 31, 2025, the court granted summary judgment for the defendant and dismissed this case. Dkt. No. 108. Forty-four days later, on May 14, 2025, the court received from the plaintiff an untimely notice of appeal, dkt. no. 115, a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 117, a motion for extension of time to appeal, dkt. no. 118, and a motion for leave to file electronically, dkt. no. 119. On June 23, 2025, the court denied the plaintiff's motions for an extension of time to appeal and for leave to

1

file electronically, and denied without prejudice her motion for leave to appeal without prepaying the filing fee. Dkt. No. 127.

On July 18, 2025, the clerk's office received from the plaintiff the full appellate filing fee, along with a document titled "Amendments for Extension of Time to File Appeal and Motion to File Electronically." Dkt. No. 128. The plaintiff asserted that the court had granted her leave to amend *all* the motions it had denied in its June 23 order. Id. at 1. On August 28, 2025, the court denied that motion because it had not granted the plaintiff leave to amend or renew her motion for an extension of time to appeal or her motion to file electronically. Dkt. No. 131.

On September 22, 2025, the Seventh Circuit dismissed the plaintiff's appeal for lack of jurisdiction, finding that this court did not abuse its discretion in denying the plaintiff's motion for an extension of time to appeal. Dkt. No. 132 at 1. The appellate court also denied the plaintiff's petition for rehearing. Id. at 2.

Two days later, the court received from the plaintiff a document titled "request for change of judgment in accordance to FRCP 59 due to manifest error, new evidence and to prevent manifest injustice." Dkt. No. 133. The plaintiff asks the court to change its August 28, 2025 order denying her motion to amend her motion for extension of time. Id. at 1. The defendant filed a response opposing the motion. Dkt. No. 134. On November 14, 2025, the court received from the plaintiff a document titled "request for motion of sanctions and default judgment against defendants for violating FRCP 4 and FRCP

2

37(b)(2)," alleging that the defendant had failed to serve its response brief on her. Dkt. No. 135.

## II. Request for Change of Judgment (Dkt. No. 133)

The plaintiff asserts that she is asking the court to amend the judgment entered on August 28, 2025 "due to manifest error, new evidence and to prevent manifest injustice." Dkt. No. 133 at 1. The plaintiff argues that she presented "new evidence" of a letter from her former attorney, Attorney Cross, showing the date on which the attorney-client relationship ended. Id. at 2. The plaintiff asserts that Attorney Cross ended the attorney-client relationship on April 18, 2025, and argues that she could not find new counsel or prepare a notice of appeal by the April 30, 2025 deadline to appeal. Id. She contends that Attorney Cross's withdrawal during the appeal period constitutes excusable neglect warranting an extension of time to appeal. Id. at 3–4. The plaintiff asserts that the court has disregarded legal precedent and new evidence that she believes support her request for an extension of time to appeal. Id. at 5.

The plaintiff next argues that manifest injustice will result if the court does not reconsider its prior order denying her leave to file electronically. Id. at 6. According to the plaintiff, the court "egregiously and blatantly, without sound reason also denied the plaintiff the ability to file electronically." Id. She says that it is clear from the record that she is disabled and having to physically come to the courthouse to file documents is burdensome. Id. at 6–7. The plaintiff also asserts that the court has "scammed" her out of funds by denying her motion for leave to appeal without prepaying the filing fee. Id. at 8.

3

The defendant responds that the court must deny the plaintiff's motion because the court's August 28, 2025 order is not a final judgment under Federal Rule of Civil Procedure 59. Dkt. No. 134 at ¶7. The defendant recounts that the court entered final judgment when it granted summary judgment for the defendant on March 31, 2025. Id. According to the defendant, the plaintiff would have needed to file a Rule 59 motion within 28 days of the March 31 entry of judgment or, "at the very least," no more than twenty-eight days from the court's June 23 denial of her extension of time to file an appeal. Id. The defendant argues that even if the court's August 28 order constituted a final judgment, there are no grounds for reconsidering it. Id. at ¶8. The defendant argues that the plaintiff simply is "rehashing" her prior arguments and has not demonstrated manifest error. Id. at ¶11.

The plaintiff relies on Federal Rule of Civil Procedure 59. Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." As the defendant has argued, Rule 59(e) allows a court to reconsider final judgments. The court's order denying the plaintiff's motion to amend her motion for an extension of time to appeal is not a "final judgment." The court *does* have the power to reconsider its prior interlocutory orders that are not final judgments. See Peterson v. Lindner, 765 F.2d 698, 704 (7th Cir. 1985); see also Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

4

But the plaintiff has cited no authority that would allow the court to reconsider an order decided *after* entry of judgment.

Even assuming that the court's power to reconsider interlocutory orders extends to orders entered after judgment, the court must deny the plaintiff's motion. Though she characterizes this motion as a request to alter the court's August 28, 2025 order denying her permission to *amend* her motion for extension of time to appeal, the plaintiff really is asking the court to reconsider its June 23, 2025 order denying her motion for an extension of time to appeal in the first instance. Not only would such a motion be untimely under Rule 59(e), but the Seventh Circuit disapproves of parties filing multiple post-judgment motions in order to extend the time to file an appeal. See Borrero v. City of Chicago, 456 F.3d 698, 700–02 (7th Cir. 2006) (holding that only a single, timely Rule 59(e) motion tolls the time to appeal from the judgment, because "[o]therwise a litigant could extend the time to appeal indefinitely simply by filing successive Rule 59(e) motions."). The court is unaware of any authority that would allow it to revise its August 28, 2025 order, grant the plaintiff leave to "amend" her request for an extension of time, retroactively grant the plaintiff's motion for an extension of time and allow the plaintiff to make a second attempt at filing an appeal that the Seventh Circuit already has dismissed as untimely.

Procedural issues aside, the plaintiff has presented no grounds for the court to reconsider any of its prior orders regarding her request for an extension of time to appeal. Motions for reconsideration serve a limited

5

function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that was not available before the court ruled. Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). Motions for reconsideration are not a mechanism for losing parties to reargue issues decided against them. Id. at 1270. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion repeats arguments about Attorney Cross's withdrawal that the court rejected in its August 28, 2025 order. The plaintiff presents no new evidence; she previously submitted Attorney Cross's letter to the court and she had it in her possession when she originally filed her motion for extension of time to appeal. She has not shown that the court committed any manifest error of law or fact.

Nor has the plaintiff presented any grounds for the court to reconsider her motion to file electronically. The plaintiff states that the court should have considered the "6-year court docket" and the materials filed during summary judgment to support her argument that extraordinary circumstances exist justifying her need to file electronically. Not only is this motion untimely under Rule 59(e), but the plaintiff did not reference her disability in the motion for leave to file electronically, despite the fact that presumably that argument was available to her at the time she filed the motion. The plaintiff cannot expect the

6

court to infer or construct an argument as to why she needs to file electronically based on the hundreds of pages of documents filed in this case. The plaintiff primarily argues that her disability makes it difficult for her to come to the courthouse to file documents in person. But the plaintiff does not need to physically come to the courthouse to file documents; the court accepts filings sent via mail.

Nor did the court "scam" the plaintiff into paying the appellate filing fee. The court *denied without prejudice* her motion for leave to appeal without prepaying the filing fee. The plaintiff's affidavit was internally inconsistent; it stated different monthly incomes and itemized monthly expenses that exceeded the total monthly expenses she provided elsewhere on the affidavit. Dkt. No. 127 at 2. The court stated that the plaintiff "may have as little as $300 or as much as $2,600 in disposable income after she pays her expenses each month. Because of the inconsistencies in the affidavit, the court cannot adequately determine whether the plaintiff can prepay the filing fee." Id. at 3. The court gave the plaintiff an opportunity to amend her affidavit to clear up these inconsistencies. The plaintiff could have filed an amended affidavit that clearly and consistently stated her monthly income and expenses. She chose to pay the filing fee instead. There are no grounds for the court to reconsider its decision because the plaintiff has already paid the filing fee.

The court will deny the plaintiff's motion for reconsideration.

### III. Motion for Sanctions and Default Judgment (Dkt. No. 135)

The plaintiff filed a motion for sanctions and default judgment against the defendant because the defendant allegedly has failed to serve documents on her by mail. Dkt. No. 135. She argues that she has not received any documents from the defendant and that there are no certificates of service on the docket. Id. at 2. The plaintiff alleges that on October 22, 2025, she Google-searched this case and saw that on October 15, 2025, the defendant had filed a response to her motion to amend judgment; she alleges that she never received notice of this filing from the court or the defendants. Id. at 2–3. The plaintiff argues that any documents lacking a certificate of service "should be excluded from this current case." Id. at 3.

The plaintiff argues that the "exclusion of documents should also include a default judgment," which she says should "cause all orders denying plaintiff to electronically file documents and appeal to the Seventh District Court [to] be granted to plaintiff due to insufficient service of process." Id. at 3–4. The plaintiff states that she "does not view less severe sanctions as being effective when this case is focused on the ability for plaintiff to file electronically." Id. at 4. The plaintiff argues that the court should enter default judgment "for egregious discovery violations." Id. (citing Mohns v. BMO Harris Bank Nat'l Ass'n, 395 Wis. 2d 421 (Wis. 2021)). The plaintiff "requests leave for defendants to receive a default judgment and to proceed to the appeals courts with this case." Id. at 5.

The defendant responds that it could not locate proof of service of its response to the plaintiff's motion to amend judgment, but that any failure of service was harmless. Dkt. No. 136 at ¶8. It asserts that the Federal Rules do not impose sanctions for deficient service, and that in any event, the plaintiff was able to see the response brief on the court's docket, so she was not prejudiced. Id. at ¶11. The defendant argues that there is no evidence that it previously failed to serve the plaintiff and the docket reflects that the plaintiff responded to at least one of the defendant's prior filings. Id. at ¶13. The defendant argues that default judgment is not permissible here because the defendant has not failed to serve an answer or otherwise defend the case. Id. at ¶15.

The plaintiff has cited no authority authorizing this court to strike multiple filings from the docket and retroactively grant motions as unopposed. The single case the plaintiff cites, Mohns, is a Wisconsin state court case that does not address sanctions for deficient service in federal court; it does not discuss service of papers at all, but rather the defendant's failure to comply with discovery orders. Mohns, 395 Wis. 2d at 437–39.

Even assuming the defendant failed to properly serve documents on the plaintiff, there is no evidence that the plaintiff was harmed or prejudiced by this failure. She filed at least one reply brief in response to the defendant's filing, see dkt. no. 125, and the instant motion reflects that she saw the defendant's brief in response to her motion to amend the judgment. The defendant has filed proof of service for its latest response. Dkt. No. 135-1. The

only motion the defendant filed to which the plaintiff may not have been able to respond was the defendant's motion to strike her motion to amend her motion for extension of time to appeal. Dkt. No. 130. But the court denied that motion as moot, so the plaintiff was not harmed by any inability to respond to it. And default judgment is not appropriate when the court already has entered judgment *in favor of the defendant* months before the allegedly deficient service.

This case is not "focused on the ability for plaintiff to file electronically." This case is focused on the plaintiff's repeated attempts to re-file an appeal that the Seventh Circuit already has dismissed as untimely. The court will not impose sanctions against the defendant and will not grant the plaintiff an extension of time to appeal.

The court has now rejected—three times—the plaintiff's arguments that she should be granted leave to take an untimely appeal. The court will summarily deny further motions that the plaintiff files raising the same arguments—whether characterized as a new motion, as a motion to strike other filings or as a motion to amend, alter or reconsider any post-judgment order.

## IV. Conclusion

The court **DENIES** the plaintiff's request for change of judgment. Dkt. No. 133.

The court **DENIES** the plaintiff's motion for sanctions and default

judgment. Dkt. No. 135.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

11